IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL JAMES McCLINTOCK,**

    Petitioner,

v.                                      Civil Action No. **3:14CV672**

**DIRECTOR OF VIRGINIA DOC,**

    Respondent.

**MEMORANDUM OPINION**

Michael James McClintock, a Virginia state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging his conviction for second degree murder in the Circuit Court for the County of Charlotte, Virginia. The Western District of Virginia previously dismissed a § 2254 Petition from McClintock concerning this conviction. *McClintock v. Warden, Wallens Ridge State Prison*, No. 7:13CV00212, 2013 WL 3875400, at *4 (W.D. Va. July 25, 2013). On November 25, 2014, the Magistrate Judge issued a Report and Recommendation in which he recommended dismissing the § 2254 petition as successive. There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED.

**I.    REPORT AND RECOMMENDATION**

The Magistrate Judge made the following findings and recommendations:

> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because McClintock has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his

> conviction for second degree murder, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that the action be DISMISSED FOR LACK OF JURISDICTION.

(Nov. 25, 2014 Report and Recommendation (alterations and omissions in original).) The Court advised McClintock that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. McClintock has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED. The action is DISMISSED FOR LACK OF JURISDICTION. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). McClintock has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-22-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge